[No. 23046.   Department Two.   July 3, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK REMICK, *Appellant*.[1]

*Chas. D. McCarthy*, for appellant.
*Cecil C. Hallin* and *J. E. Stone*, for respondent.

BEELER, J.—Appellant was convicted of the offense of unlawful possession of intoxicating liquor for the purpose of unlawful sale. By a special finding, the jury also found the defendant had been previously convicted of the crime of possession of intoxicating liquor with intent to sell the same on the 20th day of March, 1926. He has appealed from the judgment and sentence on the verdict.

The errors assigned and relied on by appellant relate, first, to the refusal of the court to grant a nonsuit at the close of the state's case, and second, in not granting him a new trial.

Appellant contends that the evidence is insufficient to sustain the verdict and judgment of conviction. With this we cannot agree. The jury were warranted

¹Reported in 300 Pac. 1054.

in finding that the evidence established these facts: That appellant's father and mother were the owners of a building located on Pacific avenue in the city of Kelso, in the forward part of which a retail business was conducted under the name of "Marine Fish Market," owned by Mrs. Remick and managed by her son Frank, the appellant; that the rear portion of the building or room was used for the storage of fish to be sold in the market, and for the storage of miscellaneous junk having apparently no relation to the business conducted by the fish market; that appellant had free access to all of the rear portion of the room, and necessarily so because of the merchandise or fish kept there; that considerable liquor was found in this store room. The evidence, and all the attendant circumstances, presented a situation justifying the inference by the jury that the appellant had possession of the liquor as the law defines that term.

It is true that Bert Remick, appellant's father, claimed ownership of all the liquor found by the officers in the store room. The jury, however, apparently disbelieved the father's testimony in that regard. This was their prerogative. Being solely a question of fact for the jury, the court was justified in denying both motions.

We are satisfied that the appellant was accorded a fair and impartial trial. Finding no error in the record, the judgment appealed from is affirmed.

TOLMAN, C. J., BEALS, PARKER, and MITCHELL, JJ., concur.